**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4553**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAGUESTE PLAISMOND, a/k/a Magueste Plasimond,
a/k/a Magueste Plaisimond, a/k/a Tyrone,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L. Voorhees,
District Judge. (5:98-cr-00109-2)

---

Submitted: September 6, 2006          Decided: October 16, 2006

---

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Angela Parrott, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant. Amy Ray, OFFICE OF THE
UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Magueste Plaismond appeals his 168-month prison sentence resulting from his conviction for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Plaismond's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning whether Plaismond's sentence was reasonable because the district court refused to reduce his sentence pursuant to the safety valve provision of the sentencing guidelines. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(6), 5C1.2 (2005). Plaismond filed a pro se supplemental brief claiming that his sentence was unreasonable because the district court sentenced him using drug quantities of cocaine base. Finding no reversible error, we affirm.

Plaismond claims that his sentence was unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

Plaismond avers that he should have received a two level reduction to his offense level under the safety valve provision. The record, however, supports the district court's conclusion that Plaismond was not entirely forthcoming with authorities regarding his drug activities prior to his first sentencing. Accordingly, he did not qualify for a reduction under USSG § 5C1.2(a)(5).

Plaismond also contends he should not be held accountable for quantities of cocaine base. However, he pled guilty to conspiracy to possess and possession of quantities of cocaine and cocaine base, and evidence at trial established that the conspiracy involved both cocaine and cocaine base. The district court thus properly calculated the sentencing guideline range of 168-210 months' imprisonment. As Plaismond's 168-month prison sentence is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006). Plaismond has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
